Hanzhang Xu, Esq. (SBN: 312813)
Plex Law Group, PC
10 Corporate Park, Ste 230
Irvine, CA 92606
Han.x@hxlawoffice.com
Tel: 949-520-6630
Attorney for Petitioner
HAIJUN WU

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| HAIJUN WU,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; DAVID VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; ERNESTO SANTACRUZ JR., in his official capacity as Field Office Director, Los Angeles Field Office, U.S. Immigration and Customs Enforcement; and FERETI SEMAIA, in his official capacity as Warden or Facility Administrator of the Adelanto ICE Processing Center,<br><br>Respondents. | **Case No.**<br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

## INTRODUCTION

1. Petitioner Haijun Wu is a citizen of China who was inspected and admitted to the United States by U.S. Customs and Border Protection ("CBP"). While his period of authorized admission was still running, he filed an affirmative application for asylum, withholding of removal, and

protection under the Convention Against Torture with U.S. Citizenship and Immigration Services ("USCIS"). See Exs. A, C.

2. USCIS directed Petitioner to appear for a biometrics appointment. On August 28, 2026, Petitioner appeared at the USCIS facility at 14101 Myford Road, Tustin, California, and ICE took him into custody there.

3. Petitioner has no United States criminal history. He has a fixed, known address in Irvine, California, and his travel history reflects departures after prior visits. No immigration judge has made a custody redetermination in his case. On information and belief, Respondents did not provide a written custody determination within the time required by regulation. See Exs. A-B.

4. Petitioner has been confined at the Adelanto ICE Processing Center since August 28, 2026. This Petition seeks a prompt determination of the statutory basis for that custody and the process required by 8 U.S.C. § 1226(a) and its implementing regulations. Petitioner requests release if Respondents cannot establish a lawful custody determination, or, alternatively, a prompt custody redetermination hearing and preservation of the status quo while this Court considers the Petition.

## JURISDICTION

5. This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

7. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et seq.; the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.; and the All Writs Act, 28 U.S.C. § 1651.

8. Federal district courts have jurisdiction under § 2241 to hear challenges to the lawfulness of immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510 (2003). Petitioner does not challenge any decision to commence removal proceedings, adjudicate his case, or execute a removal order. He challenges only the lawfulness of his present physical confinement.

**VENUE**

9. Venue is proper in this District because Petitioner is detained at the Adelanto ICE Processing Center in Adelanto, California, which lies within the Central District of California, and his immediate custodian is located here. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); 28 U.S.C. § 1391(e).

10. Venue is proper in the Eastern Division because Adelanto is located in San Bernardino County. 28 U.S.C. § 84(c)(1).

**REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243**

11. The Court must grant the petition for writ of habeas corpus or issue an order to show cause ("OSC") to Respondents "forthwith," unless Petitioner is not entitled to relief. 28 U.S.C. § 2243. If an OSC is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

12. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been described as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). The writ is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (plurality opinion).

13. Petitioner is "in custody" for purposes of § 2241 because he is detained by Respondents at the Adelanto ICE Processing Center.

## PARTIES

14. Petitioner Haijun Wu is a 46-year-old citizen of China. He is detained at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301.

15. Respondent Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security (“DHS”). He is responsible for administration and enforcement of the immigration laws and is sued in his official capacity.

16. Respondent Todd Blanche is the Acting Attorney General of the United States and is sued in his official capacity.

17. Respondent David Venturella is the Senior Official Performing the Duties of the Director of ICE and is sued in his official capacity.

18. Respondent Ernesto Santacruz Jr. is the Field Office Director of the ICE Enforcement and Removal Operations Los Angeles Field Office and is sued in his official capacity.

19. Respondent Fereti Semaia is the Warden or Facility Administrator of the Adelanto ICE Processing Center and is Petitioner’s immediate physical custodian.

20. All Respondents are sued in their official capacities.

## LEGAL FRAMEWORK

### A. Detention of Noncitizens Pending Removal Proceedings

21. Section 1226(a) is the ordinary detention authority for a noncitizen who is already present in the United States and is placed in removal proceedings. It permits DHS to arrest and detain the person pending a decision on removal or to release the person on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2); see also *Jennings v. Rodriguez*, 583 U.S. 281, 303-06 (2018).

22. Following a warrantless arrest, DHS must determine within forty-eight hours whether the noncitizen will be continued in custody or released. 8 C.F.R. § 287.3(d). When DHS continues custody under § 1226(a), it must serve a Notice of Custody Determination, Form I-286. 8 C.F.R. § 236.1(d)(1). The noncitizen may seek custody redetermination before an immigration judge with jurisdiction over the place of detention. 8 C.F.R. §§ 1003.19(c), 1236.1(d)(1).

23. Section 1225(b)(2)(A), by contrast, mandates detention of "an alien seeking admission" who is an "applicant for admission." 8 U.S.C. § 1225(b)(2)(A). The INA deems an "applicant for admission" to be a noncitizen "present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). "Admission" means "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A).

24. Petitioner does not challenge a general agency policy or seek to litigate the propriety of removal proceedings. The question presented is narrower: whether the Government may continue to hold an inspected and admitted noncitizen without identifying and following the custody procedures that govern detention under § 1226(a).

25. Because Petitioner was inspected and admitted by CBP, he is not an “applicant for admission” under § 1225(a)(1). Thus, § 1225(b)(2)(A) does not supply a basis for his detention. Any authority to detain him pending removal proceedings arises under § 1226(a), subject to the regulations governing an arrest and custody determination.

**B. Due Process Limits on Civil Immigration Detention**

26. The Due Process Clause of the Fifth Amendment forbids the Government from depriving any "person" of liberty "without due process of law." U.S. Const. amend. V. Its

protection extends to "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. The Fifth Amendment entitles noncitizens to due process in removal proceedings. *Demore*, 538 U.S. at 523.

27. "Freedom from imprisonment, from government custody, detention, or other forms of physical restraint, lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690; see also *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). Immigration detention is civil, not punitive, and is constitutionally permissible only where it bears a reasonable relation to its purposes of ensuring appearance at proceedings and preventing danger to the community. *Zadvydas*, 533 U.S. at 690.

28. Due process ordinarily requires some kind of hearing before the Government deprives a person of liberty. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Whether particular procedures are constitutionally sufficient is determined by weighing (1) the private interest affected; (2) the risk of erroneous deprivation through the procedures used and the probable value of additional safeguards; and (3) the Government's interest, including the burdens that additional procedures would entail. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

29. The Court need not decide whether a pre-arrest hearing was required in every circumstance to grant the limited relief requested here. Petitioner requests enforcement of the post-arrest safeguards that the regulations require: a timely DHS custody determination, service of the resulting notice, and a meaningful opportunity to seek immigration-judge custody redetermination. The Government’s failure to provide those procedures creates a substantial risk of an erroneous and continuing deprivation of physical liberty.

30. The recently litigated re-detention cases confirm that a person previously released from DHS custody may possess additional liberty interests in remaining at liberty. See *Garro*

*Pinchi v. Noem*, 813 F. Supp. 3d 973, 1003-18 (N.D. Cal. 2025). Petitioner does not premise this claim on that distinct re-detention theory. He relies on his admitted status, § 1226(a), and the procedures expressly required after his August 28, 2026 arrest.

**C. The Right to Apply for Asylum**

31. Any noncitizen "who is physically present in the United States or who arrives in the United States . . . irrespective of such alien's status, may apply for asylum." 8 U.S.C. § 1158(a)(1). Petitioner exercised that statutory right by filing an affirmative application with USCIS while he was in a period of authorized admission.

**D. Exhaustion**

32. No statute requires exhaustion of administrative remedies before a noncitizen may seek habeas relief under § 2241 from immigration detention. Any exhaustion requirement is prudential, and a court may waive it where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

33. Any exhaustion requirement is prudential. It should be excused to the extent Respondents have not served the required custody determination or made a custody-redetermination process available. The immediate claim is that Respondents have failed to identify or follow the procedures governing Petitioner's present custody; each day of unlawful confinement is irreparable. Petitioner will promptly pursue any available immigration-judge custody remedy without waiving this Petition.

## FACTUAL BACKGROUND

34. Petitioner is a citizen and national of China. He was born in 1979 in Hunan Province. See Exs. A, C.

35. On May 4, 2017, the U.S. Consulate in Guangzhou issued Petitioner a multiple-entry B1/B2 nonimmigrant visa, valid through May 1, 2027. See Ex. A.

36. CBP records reflect that Petitioner visited the United States on several prior occasions and departed after each visit: he was admitted on August 8, 2017 and departed on August 18, 2017; he was admitted on June 15, 2023 and departed on July 14, 2023; he was admitted on February 25, 2025 and departed on March 5, 2025; and he was admitted on September 15, 2025 and departed on February 6, 2026. See Exs. A-B.

37. On February 8, 2026, CBP inspected Petitioner at New York and admitted him as a B-1 nonimmigrant, with authorized admission through August 7, 2026. See Ex. A.

38. Petitioner has a fixed residential address in Irvine, California, known to DHS.

39. On July 20, 2026, while his period of authorized admission remained in effect and within one year of his last arrival, USCIS received Petitioner's Form I-589, Application for Asylum and for Withholding of Removal, which also sought protection under the Convention Against Torture. On August 5, 2026, USCIS issued a Form I-797C acknowledging the application. See Ex. C.

40. USCIS scheduled Petitioner for a biometrics appointment at 14101 Myford Road, Tustin, California.

41. On August 28, 2026, Petitioner appeared at that appointment as directed. ICE officers took him into custody there.

42. On information and belief, ICE did not serve Petitioner with a Form I-286, Notice of Custody Determination, within forty-eight hours of his arrest, did not provide a written explanation of the statutory authority for his continued detention, and did not provide a prompt, meaningful opportunity to obtain custody redetermination. Respondents possess the pertinent custody records.

43. Petitioner was transferred to the Adelanto ICE Processing Center, where he remains detained.

44. On information and belief, DHS served Petitioner with a Notice to Appear charging him as removable under 8 U.S.C. § 1227(a)(1)(B). Petitioner is scheduled to appear before the Adelanto Immigration Court on September 21, 2026, at 9:30 a.m.

45. No immigration judge has yet made a custody redetermination in Petitioner's case.

46. Petitioner has never been arrested for or charged with any crime in the United States.

47. Petitioner's detention separates him from his home and community and impairs his ability to gather evidence and consult with counsel in support of his pending application for asylum and related protection.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**Violation of the Fifth Amendment and 8 C.F.R. §§ 287.3(d) and 236.1(d)**

**(Continued Detention Without a Timely Custody Determination)**

48. Petitioner restates and realleges all preceding paragraphs as if fully set forth here.

49. Petitioner holds a protected liberty interest in freedom from physical restraint. *Zadvydas v. Davis*, 533 U.S. 678, 690, 693 (2001). He was inspected and admitted, appeared voluntarily at the USCIS appointment, has a fixed known address, and has no United States criminal history.

50. The private interest is physical liberty, which lies at the core of the liberty protected by the Due Process Clause. *Zadvydas*, 533 U.S. at 690; *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

51. The risk of erroneous deprivation is substantial where, as alleged, DHS continues custody without the written custody determination and notice required by regulation. A timely determination, notice of the basis for custody, and a meaningful opportunity to seek immigration-judge review materially reduce that risk.

52. The Government has a legitimate interest in ensuring appearance and protecting the community, but those interests are served by the individualized procedures required by § 1226(a) and its regulations. On the alleged facts, requiring Respondents to identify and follow those procedures imposes little administrative burden.

53. This claim does not seek a second or periodic bond hearing. Compare *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022). It challenges the absence of the initial custody procedures that govern Petitioner's present detention.

54. Respondents' continued detention of Petitioner without the required custody determination, notice, and meaningful access to custody redetermination violates the Fifth Amendment and the governing regulations. The appropriate interim relief is release unless Respondents promptly demonstrate compliance, or alternatively an expedited custody redetermination hearing and preservation of the Court's jurisdiction.

**COUNT TWO**

**Violation of 8 U.S.C. § 1226(a) and Implementing Regulations**

55. Petitioner restates and realleges the preceding paragraphs.

56. Petitioner was inspected and admitted and is alleged to be removable under § 1227(a)(1)(B). He is therefore subject, if at all, to the discretionary detention framework of § 1226(a), not the mandatory-detention framework of § 1225(b)(2)(A).

57. The regulations require DHS to make a custody determination after a warrantless arrest and to provide notice of that determination. 8 C.F.R. §§ 287.3(d), 236.1(d)(1). They also permit a request for custody redetermination before an immigration judge. 8 C.F.R. §§ 1003.19(c), 1236.1(d)(1).

58. To the extent Respondents have continued custody without following those requirements, the detention is not in accordance with law and is subject to habeas relief under 28 U.S.C. § 2241.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause directing Respondents to show cause within three days why this Petition should not be granted, 28 U.S.C. § 2243;

(3) Declare that Petitioner's custody is governed by 8 U.S.C. § 1226(a) and the implementing regulations;

(4) Order Respondents promptly to produce the Form I-286, any arrest warrant, the Notice to Appear, and the custody records identifying the authority and basis for continued detention;

(5) Issue a Writ of Habeas Corpus ordering Petitioner's release unless Respondents demonstrate timely compliance with the custody-determination procedures required by law;

(6) Alternatively, direct Respondents to provide an expedited custody redetermination hearing before an immigration judge with jurisdiction over the place of detention;

(7) Enjoin Respondents from transferring Petitioner outside the Central District of California for fourteen days, absent emergency medical need or further order of this Court, so the Court may adjudicate this Petition;

(8) Award Petitioner any fees and costs authorized by law; and

(9) Grant any further relief this Court deems just and proper.

Respectfully submitted this 16th day of September 2026.

**PLEX LAW GROUP, P.C.**

By: /s/ Hanzhang Xu
Hanzhang Xu, Esq. (SBN: 312813)
Attorney for Petitioner