**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

HAIJUN WU,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

**CASE NO.** 5:26-CV-05469-CTS

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On September 18, 2026, Petitioner Haijun Wu ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally id.*) The same day, Petitioner filed an *Ex Parte* Application for a Temporary Restraining Order ("TRO Application"). (ECF No. 2.) On September 25, 2026, Respondents filed a combined Answer to the Petition and opposition to the TRO Application ("Answer"). (Ans., ECF No. 7.) Petitioner has not filed a Reply. For the reasons set forth below, the Court GRANTS the Petition and ENJOINS Respondents from

continuing to detain Petitioner unless, within seven (7) days of the date of this Order, he is provided with an individualized bond hearing before an immigration judge.

Petitioner is a citizen of China. (Pet. ¶ 14; Ans. 2.[1]) On May 4, 2017, the U.S. Consulate in Guangzhou issued Petitioner a multiple-entry B1/B2 nonimmigrant visa, valid through May 1, 2027. (Pet. ¶ 35.) He visited the United States on several prior occasions and departed after each visit: he was admitted on August 8, 2017 and departed on August 18, 2017; he was admitted on June 15, 2023 and departed on July 14, 2023; he was admitted on February 25, 2025 and departed on March 5, 2025; and he was admitted on September 15, 2025 and departed on February 6, 2026. (*Id.* at ¶ 36.) On February 8, 2026, CBP inspected Petitioner at New York and admitted him as a B-1 nonimmigrant visa, with authorized admission through August 7, 2026. (*Id.* at ¶ 37; Ans. 2.) On July 20, 2026, while his period of authorized admission remained in effect and within one year of his last arrival, Petitioner applied for asylum. (Pet. ¶ 39.) He did not depart by August 7, 2026, thus overstaying his visa. (Ans. 2.) When he appeared for a scheduled biometrics appointment as directed on August 28, 2026, he was taken into custody. (Pet. ¶¶ 40–41; *see* Ans. 2.)

Petitioner challenges his detention on two grounds: (1) "Violation of the Fifth Amendment and 8 C.F.R. §§ 287.3(d) and 236.1(d) (Continued Detention Without a Timely Custody Determination)" (Pet. ¶¶ 48–54); and (2) "Violation of 8 U.S.C. § 1226(a) and Implementing Regulations" (*id.* at ¶¶ 55–58). He argues that his detention is governed by the discretionary detention framework of 8 U.S.C. § 1226(a), rather than the mandatory detention requirement of 8 U.S.C. § 1225(b)(2)(A). (Pet. ¶ 56.) He further argues that Respondents have not

---

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

complied with their own regulations, and that his continued detention "without the required custody determination, notice, and meaningful access to custody redetermination" violates both those regulations and the Fifth Amendment. (*Id.* at ¶ 54.) He seeks, *inter alia*, an order directing his immediate release from custody "unless Respondents demonstrate timely compliance with the custody-determination procedures required by law," or in the alternative, "an expedited custody redetermination hearing before an immigration judge with jurisdiction over the place of detention." (*Id.* at 11.)

In their Answer, Respondents state that "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*." (Ans. 2 (citation omitted).) The Court agrees. In *Rodriguez Vazquez*, the Ninth Circuit held that 8 U.S.C. § 1226 governs "inadmissible and deportable aliens present in the interior of the United States." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026). Petitioner is therefore entitled to "extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, *an initial bond hearing before a neutral decisionmaker*, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) (emphasis added); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

Here, Petitioner has not received an initial bond hearing. (Pet. ¶ 45.) Thus, the appropriate remedy at this stage, based on the Petition's allegations, "is an order requiring an individualized bond hearing be held" before an immigration judge within seven days. *Flores Arroyo v. Mullin*, No. 5:26-CV-04263-KES, 2026 WL 2337883, at *1 (C.D. Cal. Aug. 12, 2026). To the extent Respondents argue that the Petition is "defective" because Petitioner has not yet exhausted the available

administrative remedies (Ans. 3), exhaustion may be excused—on habeas review under Section 2241, "[t]he exhaustion requirement is prudential, rather than jurisdictional." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018)). Under the circumstances presented here, the Court finds that exhaustion should be excused. At most, this will excuse Petitioner from the requirement of formally requesting a bond hearing and not from any other step in the administrative process.

Accordingly, the Court finds that Respondents must release Petitioner unless he is provided with a bond hearing within seven days. IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the Petition;
2. Respondents are ENJOINED from continuing to **detain Petitioner Haijun Wu (A 242-519-731)** unless, within seven (7) days of the date of this Order, he is provided with an individualized bond hearing before an immigration judge; and
3. Petitioner's TRO Application is denied as moot in light of the Court's ruling on the Petition.

DATED: October 2, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE